## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John Glaspell,**
**Petitioner Below, Petitioner**

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0990** (Kanawha County 13-P-453)

**Marvin C. Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Glaspell, appearing *pro se*, appeals the August 19, 2013, order of the Circuit Court of Kanawha County that dismissed his petition for a writ of habeas corpus without prejudice pursuant to Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings. Respondent warden, by counsel Benjamin F. Yancey, III, filed a response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of malicious assault following a jury trial in April of 2006, after which the State filed an information pursuant to West Virginia Code § 61-11-18(c) charging petitioner as a recidivist.[2] The information alleged the following prior convictions: (1) a conviction in the United States District Court for the Southern District of West Virginia for the federal felony offense of being a felon in possession of a firearm; (2) a felony conviction in state court for obtaining under false pretenses; (3) a felony conviction in state court for child neglect; and (4) a felony conviction in state court for daytime burglary. On April 21, 2009, petitioner signed a plea agreement with the State admitting that he had been previously convicted of the federal felony of felon in possession of a firearm and the felony offense of daytime burglary. In the plea agreement, petitioner agreed that the two convictions were sufficient for the circuit court to impose a life recidivist sentence. In return for the plea of guilty, the State agreed not to oppose

---

[1] Respondent warden has also filed a motion to supplement the appendix. After careful consideration, this Court grants the motion and orders the supplemental appendix filed.

[2] West Virginia Code § 61-11-18(c) provides that "[w]hen it is determined, as provided in [West Virginia Code § 61-11-19], that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life."

1

petitioner's request for parole after he served at least fifteen years. Consistent with the plea agreement, the circuit court sentenced petitioner to a life term with the possibility for parole after fifteen years.

Subsequently, on January 31, 2012, the circuit court entered a resentencing order for the purpose of petitioner's direct appeal of his conviction and/or sentence. In *State v. Glaspell*, No. 12–0685, 2013 WL 3184918 (W.Va. Supreme Court, June 24, 2013), this Court affirmed petitioner's convictions and life sentence under West Virginia Code § 61-11-18(c).

On July 30, 2013, petitioner filed a petition for a writ of habeas corpus raising two claims of ineffective assistance of counsel. Specifically, petitioner alleged the following: (1) that counsel never entered into plea negotiations for a lesser charge even though the State was threatening to charge petitioner with being a recidivist if convicted of malicious assault; and (2) that counsel encouraged petitioner to plead guilty to the recidivist information despite the fact that the plea bargain was illegal. On August 19, 2013, the circuit court dismissed the petition pursuant to Rule 4(c) that provides, in pertinent part, as follows: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support."

Petitioner appeals the circuit court's August 19, 2013, order dismissing the petition without prejudice. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner argues that the circuit court erred in refusing to grant habeas relief without first appointing counsel and holding an evidentiary hearing. Respondent warden counters that "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973). This Court notes that our review of the petition shows that petitioner failed to provide factual support for his allegations of ineffective assistance of counsel. Because the circuit court dismissed the petition without prejudice, petitioner may refile his claims provided that he supports the contentions with adequate factual allegations. Therefore, this Court concludes that the circuit court did not abuse its discretion in dismissing the petition.

For the foregoing reasons, we affirm the circuit court's August 19, 2013, order dismissing the petition for a writ of habeas corpus without prejudice.

Affirmed.